**ORIGINAL**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
NOV 7 2 11 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | | |
|---|---|---|
| ROBERT WORSTER, | § § § | |
| Plaintiff, Defendant-in-Counterclaim | § § | |
| vs. | § § | Civil Action No. 302CV167(EBB) |
| CARLSON WAGONLIT TRAVEL, INC. | § § § | |
| Defendant, Plaintiff-in-Counterclaim. | § | |

## SUPPLEMENTAL BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has argued that his placement in the Pearson account constituted an adverse employment action. Defendant has shown, however, that Plaintiff was initially placed in this position for business reasons -- due to high volume in that account at the time -- and that he was thereafter retained in this position because the nature of the work more easily accommodated Plaintiff's need for intermittent leave.

It should be noted that the Family and Medical Leave Act ("FMLA") expressly approves placement of employees on intermittent leave into "alternative position[s]." 29 U.S.C. § 2612(b)(2) provides:

> Alternative position
>
> If an employee requests intermittent leave, or leave on a reduced leave schedule, under subparagraph (C) or (D) of subsection (a)(1) of this section [relating to a serious health condition of the employee or family member], that is foreseeable based on planned medical treatment, the employer <u>may require such employee to transfer temporarily to an available alternative position</u> offered by the employer for which the employee is qualified and that --

(A) has equivalent pay and benefits; and

(B) better accommodates recurring periods of leave than the regular employment position of the employee.

(emphasis added). Defendant respectfully submits that its actions in placing Plaintiff on the Pearson account, and retaining him there while on intermittent leave, was not only nondiscriminatory and non-retaliatory, its actions were in keeping with the express terms of the FMLA.

Respectfully submitted this ___4___ day of _November_, 2003.

STOKES & MURPHY, P.C.

_____
Karl M. Terrell
Georgia Bar No. 702265
*Admitted Pro Hac Vice*

3593 Hemphill Street
P.O. Box 87468
Atlanta, Georgia 30337
(404) 766-0076
(404) 766-8823 FAX

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT WORSTER, | § § § § § § § § § § | |
| Plaintiff, Defendant-in-Counterclaim | | |
| vs. | | Civil Action No. 302CV167(EBB) |
| CARLSON WAGONLIT TRAVEL, INC. | | |
| Defendant, Plaintiff-in-Counterclaim. | | |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY** upon counsel of record by depositing a true and correct copy of same with the United States Postal Service, postage prepaid and addressed as follows:

Deborah McKenna, Esq.
Livingston, Adler, Pulda & Meiklejo
557 Prospect Avenue
Hartford, CT 06105-2922

This 4 day of November, 2003.

_____
Karl M. Terrell