UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT WORSTER | : | CIVIL ACTION NO: |
| Plaintiff | : | 3:02CV167 (EBB) |
| v. | : | |
| CARLSON WAGONLIT TRAVEL, INC. | : | |
| Defendant | : | |
| | : | February 17, 2005 |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION FOR RECONSIDERATION**

I.   **Introduction**

The plaintiff, Robert Worster, (hereinafter "plaintiff" or "Worster") submits the instant reply brief in response to the defendant Carlson Wagonlist Travel Inc.'s (hereinafter "defendant" or "Carlson") Opposition to the Plaintiff's Request For Reconsideration.  On January 18, 2005, the plaintiff filed a motion and supporting memorandum requesting that this Court reconsider its decision granting the defendant's motion for summary judgment.  In his motion, the plaintiff argued that this Court committed clear errors of law by dismissing the plaintiff's claim brought pursuant to the Federal Family and Medical Leave Act and the tort claim for negligent infliction of emotional distress.  In the defendant's Opposition, Carlson argues that the Court did not commit clear error of first law as to the Family and Medical Leave Act claim because the defendant had a clear policy treating intermittent Family and Medical Leave different from full time Family and Medical Leave and further, that the

1

Connecticut Appellate Court decision in <u>Olson v. Bristol-Burlington Health District</u>, 2005 WL 74092 (Conn. App. 2005), issued on January 18, 2005, is not binding on this court as to the necessary elements of a claim of negligent infliction of emotional distress. These claims are simply without merit.

**II.      Argument**

    A.     This Court Must Reconsider Its Decision in Light of 29 C.F.R. Sec. 825.312(h) in Regard to the Plaintiff's FMLA Claim

Turning first to the defendant's claims regarding the Family and Medical Leave Act claim, it is clear that these arguments must fail. Although the defendant readily agrees that its policy was applied differently during the plaintiff's intermittent and full time Family and Medical Leave, it contends that this does not demonstrate that its supplemental employment policy was "uniformly applied" - as required by 29 C.F.R. § 825.312(h) and does not require additional consideration by this court. This is simply not the case.

A review of 29 C.F.R. § 825.312(h) demonstrates that there is no distinction between intermittent FMLA and full time FMLA. Indeed, the regulation requires that, for the employer to have a permissible policy governing outside leave or supplemental employment, it must be "uniformly applied." In the instant case, the defendant had no uniformly applied policy as demonstrated by its treatment of the plaintiff and thus this court should have considered this fact in light of the Department of Labor regulations.

Moreover, despite the defendant's claim that somehow intermittent FMLA and full time FMLA had different rules and obligations, Carlson's policies made no clear differentiation between the two types of leave. In fact, the very FMLA form that the

plaintiff signed at the outset of his full-time FMLA leave (and which the defendant relies upon as proof of the different treatment between full-time and intermittent FMLA) contains specific reference to intermittent FMLA, including identification of the specific dates and duration of the intermittent leave.[1]  Given the clear language of this regulation, and the disparity in treatment that the plaintiff received, there is sufficient evidence that the policy was not uniformly applied and, as such, could not be a legitimate basis for the plaintiff's termination.  Thus, the Court's failure to consider this policy, as well as its impact on the defendant's alleged non-discriminatory reason was clearly erroneous and should be reconsidered.

The defendant further argues that the regulation is not applicable because, in this case there is "clear and unrefuted evidence that the full-time leave granted Mr. Worster was, in fact, fraudulently obtained." (Def. Brief at p. 4).[2]  However, the plaintiff offered substantial evidence to demonstrate that his leave was not fraudulently obtained and this was not a conclusion reached by this Court.  While the defendant claims that it was "likely the plaintiff decided Carlson as to his need for full-time leave in the first place," the fact remains that the plaintiff's doctor signed a certification supporting his need for FMLA, a certification that was never challenged by the defendant.  Morever, despite the defendant's claim that the plaintiff was being

---

[1]  The fact that the parties have been unable to locate a similar form for the plaintiff's intermittent leave simply does not prove that the requirements were any different, despite the defendant's suggestion otherwise.

[2]  Section 825.312(h) states that "An employer which does not have such a policy may not deny benefits to which an employee was entitled under FMLA on this basis unless the FMLA leave was fraudulently obtained as in paragraph (g) of this section.

deceptive by continuing to work, there was nothing inconsistent or deceptive between the doctor's certification, which stated "when fatigued unable to work" (Def. Ex. 18) and the plaintiff's continuing to work in restaurant job when he was able to do so.

Indeed, the defendant cannot demonstrate that it did have a uniformly applied policy regarding FMLA leave. Thus, for the reasons stated above, as well as those set out more fully in the plaintiff's initial request for reconsideration, the plaintiff respectfully requests that this Court reconsider its decision granting summary judgment on this claim.

> B. This Court Must Reconsider Its Determination With Regard To The Elements of A Claim of Negligent Infliction Of Emotional Distress In Light Of the Recent Connecticut Appellate Court Ruling in Olson.

Defendant's argument that the Connecticut Appellate Court decision in Olson v. Bristol-Burlington Health District is not controlling in the case at hand, because Olson did not change the legal standard for establishing claims of negligent infliction of emotional distress under Connecticut law, is similarly without merit. Upon review, it is clear that the recent decision by the Connecticut Appellate Court Olson did change Connecticut law as it applied to claims of negligent infliction of emotional distress.[3] In Olson the Court clearly and unambiguously held that a claim of negligent infliction of emotional distress requires only that "the actor's conduct be unreasonable and create an unreasonable risk of foreseeable emotional harm." Olson, 2005 WL 74092 at *3

---

[3] Defendant's argument as to the proper standard to be applied for a 12(b)(6) motion versus a motion for summary judgment is equally meritless. Either a plaintiff must put forth evidence of extreme and outrageous conduct to establish a claim of negligent infliction of emotional distress or it is not a required element of such a claim. The Court in Olson clearly held that it was not a required element.

(Conn. App. 2005). Indeed, the very case cited by this Court, <u>Miner v. Town of Cheshire</u>, 126 F. Supp. 2d 184, 197 (D. Conn. 2000) holds that a plaintiff must allege that the conduct at issue was extreme or outrageous.

Thus, the proper standard to be applied to the plaintiff's claims, under controlling Connecticut law is whether the defendant's actions, including but not limited to, in informing the plaintiff of his termination via a letter accusing him of fraud to a place where Human Resource employees suspected but were not sure he worked and with which the defendant did not have permission to communicate regarding the plaintiff's employment, the defendant's failure to communicate with the plaintiff at the address it had used throughout his medical leave and the elimination of his benefits within two months of his HIV diagnosis were unreasonable and created an unreasonable risk of foreseeable harm. By applying a higher standard to the case at hand, this Court committed a clear error of law. Thus, the plaintiff respectfully requests that this Court reconsider its decision granting summary judgment on this claim as well.

### III.   <u>Conclusion</u>

For the foregoing reasons, as well as those set out by the plaintiff in his initial request for reconsideration, the plaintiff respectfully requests that this Court reconsider its decision regarding his FMLA and negligent infliction of emotional distress claims.

        RESPECTFULLY SUBMITTED
        THE PLAINTIFF,

By: _____
     Deborah L. McKenna ct17326
     Gregg D. Adler ct05698
     Livingston, Adler, Pulda, Meiklejohn,
      & Kelly P.C.
     557 Prospect Avenue
     Hartford, CT 06105-2922
     (860) 233-9821

**CERTIFICATE OF SERVICE**

      This is to certify that the foregoing Plaintiff's Reply to Defendant's Opposition to the Plaintiff's Motion for Reconsideration has been mailed, first-class, postage pre-paid on this 17th day of February 2005 to all counsel of record as follow:

Karl M. Terrell
Stokes & Murphy, P.C.
3593 Hemphill Street
P.O. Box 87468
Atlanta, GA  30337

_____
Deborah L. McKenna

6