LAW OFFICES
# LIVINGSTON, ADLER, PULDA, MEIKLEJOHN & KELLY, P.C.
557 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-2922
TELEPHONE: (860) 233-9821 • FAX (860) 232-7818

DANIEL E. LIVINGSTON
GREGG D. ADLER
RUTH L. PULDA
THOMAS W. MEIKLEJOHN
MARY E. KELLY
PETER GOSELIN
DEBORAH L. MCKENNA
HENRY F. MURRAY

OF COUNSEL
ANNE GOLDSTEIN

70 HOWARD STREET
NEW LONDON, CONNECTICUT 06320
(860) 437-0589

PLEASE REPLY TO HARTFORD OFFICE

**WRITER'S DIRECT DIAL:**
(860) 570-4627
dlmckenna@lapm.org

RECEIVED
JUN 29 2005
CHAMBERS OF ELLEN BREE BURNS
Senior United States District Judge

2005 JUL -7 A 9: 38
U.S. DISTRICT COURT

June 28, 2005

**VIA FACSIMILE (203) 773-2148 and U.S. Mail**
The Honorable Ellen Bree Burns
United States District Judge
U.S. District Court
141 Church Street
New Haven, CT 06510

    Re:    **Robert Worster vs. Carlson Wagonlit Travel, Inc.**
            CIVIL ACTION NO.   3:02CV167 (EBB)

Dear Judge Burns:

      This letter of clarification is provided in response to a request by your law clerk regarding the Plaintiff's Reply to the Defendant's Opposition to Plaintiff's Request for Reconsideration. That request pertained to the following section of Plaintiff's brief:

> In fact, the very FMLA form that the plaintiff signed at the outset of his full-time FMLA leave (and which the defendant relies upon as proof of the different treatment between full-time and intermittent FMLA) contains specific reference to intermittent FMLA, including identification of the specific dates and duration of the intermittent leave. (Pl. Reply at p. 2-3)(footnote omitted).

Unfortunately, the plaintiff inadvertently left out the citation for the form that was being referenced. That form was provided as Defendant's Ex. 21, to the initial Memorandum in Support of the Defendant's Motion for Summary Judgment.

      Def. Ex. 21 is the standard FMLA form that the defendant requires employees to complete. This form makes reference to full-time and intermittent FMLA leave and

1

provides a section in which the employee's intermittent leave schedule is to be explained. As this form demonstrates, the assertion that the Defendant had different policies with respect to full-time and intermittent leave is not supported by the record evidence. This is presumably the same form that the Plaintiff signed at the outset of his intermittent leave and a reiteration of the same policy that applied to that leave. Since it is undisputed that during this intermittent leave, the Plaintiff was permitted to engage in outside employment, there is no evidence to demonstrate that the Defendant had a uniformly applied policy regarding outside employment as required by 29 C.F.R. §825.312(h). Absent such a uniformly applied policy, the Defendant's stated reason for termination is itself violative of the FMLA, and the Defendant has failed to meet its burden of establishing a legitimate non-discriminatory reason for the Plaintiff's termination. Thus, as is set out in Plaintiff's underlying briefs, the Plaintiff believes that by dismissing this claim, without any consideration of this regulation or its impact on the McDonnell-Douglas burden-shifting analysis, the Court has committed a clear error of law and should reconsider its decision.

Very truly yours,

Deborah L. McKenna

DLM/rj

cc:   Karl M. Terrell, Esquire



**Shea Stokes Carter**
A Law Corporation

Karl M Terrell
kterrell@sheastokes.com
Direct Dial 678.539.2344

July 5, 2005

### VIA FACSIMILE (203) 773-2148 AND FIRST CLASS MAIL

The Honorable Ellen Bree Burns
United States District Judge
U.S. District Court
141 Church Street
New Haven, CT 06510

    Attn: Law Clerk

    Re: Robert Worster v. Carlson Wagonlit Travel, Inc.
         Civil Action No. 3:02CV167(EBB)

Dear Judge Burns:

    I am in receipt of a letter-brief from plaintiff's counsel dated June 28. The letter-brief indicates it was faxed to your chambers that day; however, I did not receive my service copy until receipt by mail on July 1.

    Defendant has already responded to the argument advanced in this letter-brief, at pages 1-6 of Defendant's Opposition to Plaintiff's Motion for Reconsideration, filed on or about February 2, 2005. Rather than restating all of the points therein, I would simply ask the court to review that portion of our briefing.

    I would like, however, to make two quick points:

- As this court concluded in its ruling on the summary judgment motion, "the company's past generosity toward the plaintiff in a separate and distinct intermittent leave" does not constitute evidence "that Carlson did not uniformly enforce its policy." [Memorandum of Decision, dated January 4, 2005, pp. 20-21].

- The mere reference to "intermittent leave" on the form document referenced by plaintiff (Defendant's Exhibit 21 to its original motion) is immaterial. As shown in our February 5, 2005 brief, intermittent leaves and full-time leaves are granted

A0005668.DOC

| Atlanta | Ithaca | Los Angeles | San Diego |
|---|---|---|---|

3593 Hemphill Street
College Park, GA 30337

Phone: (404) 766-0076
Fax: (404) 766-8823

www.sheastokes.com

The Honorable Ellen Bree Burns
July 5, 2005
Page 2

for different purposes and different circumstances. Indeed, many of the enumerated provisions in this document, by their nature, apply only to full-time leave and not to intermittent leave, including for example the provisions addressing "anticipated return to work" dates (as in the last sentences in Items 8 and 10, and in 13 and 16). In addition, Item 14 -- addressing 'restoration' of the "same position [previously] held" -- has no application to the intermittent leave situation (in which the employee never 'leaves' the position; they simply intermittently take time off). Along the same lines, Item 17, at issue here -- disallowing "gainful employment during FMLOA" -- is not necessarily applicable to the intermittent leave situation, and wasn't applied to plaintiff given the circumstances of his intermittent leave (see especially, footnote 1 at page 3 of defendant's February 5, 2005 brief).[1]

Once again, defendant asks the court to review the full argument on these points in its February 5, 2005 brief.

Respectfully submitted,

SHEA STOKES & CARTER

Karl M. Terrell

Cc: Deborah L. McKenna (via facsimile: 860-232-7818)

---

[1] This footnote contains a typographical error. The reference to "Carlson's MSJ brief, p. 314" should refer, instead, to "page 14" of Carlson's original Motion for Summary Judgment Brief.

A0005668.DOC