MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

FILED NHCT 02-cv-167 Burns

2006 MAR 27 P 2: 22

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 13th day of February, two thousand and six.

PRESENT:

    HON. GUIDO CALABRESI,
    HON. CHESTER J. STRAUB,
    HON. RICHARD C. WESLEY,
           *Circuit Judges.*

(SEAL: UNITED STATES COURT OF APPEALS FILED FEB 1 3 2006 SECOND CIRCUIT)

ROBERT WORSTER,

    *Plaintiff-Appellant,*

    v.                                          No. 05-0716-cv

CARLSON WAGONLIT TRAVEL, INC.,

    *Defendant-Appellee.*

| For Plaintiff-Appellant: | GREGG D. ADLER (Nicole M. Rothgeb, *on the brief*), Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., Hartford, Conn. |
|---|---|

1

ISSUED AS MANDATE: MAR 6 2006

| | |
|---|---|
| For Defendant-Appellee: | KARL M. TERRELL, Shea Stokes & Carter, ALC, Atlanta, Ga. |
| For amici curiae AIDS Project Greater Danbury, AIDS Project Hartford, HIV Medicine Association, National Association of People with AIDS, and the Office of Protection and Advocacy for Persons With Disabilities, in support of Plaintiff-Appellant: | JENNIFER SINTON, Lambda Legal Defense and Education Fund, Inc. ("Lambda"), (Jonathan Givner, Lambda, and Bennett Klein, Gay & Lesbian Advocates and Defenders, Boston, Mass.), New York, N.Y. |

Appeal from the United States District Court for the District of Connecticut (Burns, *J.*).

---

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

---

Plaintiff-Appellant Robert Worster ("Worster") is a former employee of Defendant-Appellee Carlson Wagonlit Travel, Inc. ("Carlson"). On January 28, 2002, Worster filed a complaint alleging discrimination in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*, and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-51 *et seq.*; retaliation under the ADA, CFEPA, and the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.*; and negligent infliction of emotional distress under Connecticut state tort law. The district court granted summary judgment to Carlson as to all claims on January 6, 2005. We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

Worster challenged three employment actions taken by Carlson: his purportedly adverse transfer to an assignment known as the "Pearson account" for an initial period, his retention in that position beyond this expected period, and his ultimate termination. We agree with the district court that Worster's transfer and retention in the new position did not constitute adverse employment actions within the meaning of the ADA, CFEPA, and FMLA. *See Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001); *see also Levy v. Comm'n on Human Rights & Opportunities*, 236 Conn. 96, 103-04, 107-08 (1996) (reviewing federal precedent, including the burden-shifting framework, as a basis for analyzing CFEPA cases). Other than that threshold issue, we need not decide whether Worster carried his *prima facie* burdens to show discrimination or retaliation under the charged statutes.

We affirm the decision of the district court on the basis that Worster did not present evidence sufficient for a rational factfinder to conclude that Carlson's explanations for its termination of Worster were a pretext for discrimination or retaliation. *See Treglia v. Town of Manlius*, 313 F.3d 713, 721 (2d Cir. 2002). Nothing in the record indicated that Carlson did not believe that Worster had intentionally deceived the company by obtaining secondary employment while on full-time medical leave. Under the circumstances, the only reasonable inference is that it was Carlson's perception that it was being deceived, rather than any protected characteristics or protected activities, that motivated the company's termination of Worster.

With regard to Worster's state tort claim of negligent infliction of emotional distress, we affirm for substantially the reasons given by the district judge in her decision on Worster's motion to reconsider, dated July 7, 2005. *See generally Carrol v. Allstate Ins. Co.*, 262 Conn.

433, 446-67 (2003) (setting out standard for negligent infliction of emotional distress under Connecticut law).

We have considered all of Worster's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

For the Court,

ROSEANN B. MACKECHNIE,

Clerk of Court

by: *Lucille Carr*

*A TRUE COPY*
*Roseann B. MacKechnie, CLERK*
*by: Angela [illegible], DEPUTY CLERK*